OPINION
On March 9, 2001, the Delaware County Grand Jury indicted appellant, Amy McDonald, on fifty-nine counts including theft (twenty-nine counts), forgery (twenty-nine counts) and grand theft (one count). Said charges arose from appellant's employment as a bookkeeper for Automotive Specialists.
On July 11, 2001, appellant pled guilty to the forgery and grand theft counts. The theft counts were dismissed. By judgment entry filed August 1, 2001, the trial court sentenced appellant to six months on each forgery count, to be served consecutively, and eighteen months on the grand theft count, to be served concurrently with the other sentences, for a total of fourteen and one-half years.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. THE TRIAL COURT ERRED PREJUDICIALLY BY IMPOSING CONSECUTIVE SENTENCES ON THE APPELLANT IN VIOLATION OF R.C. SECTION 2929.14(E)(4).
 II. THE TRIAL COURT IMPROPERLY ORDERED THE DEFENDANT TO PAY RESTITUTION WITHOUT MAKING A DETERMINATION AS TO HER PRESENT AND FUTURE ABILITY TO PAY THE AMOUNT OF RESTITUTION.
 III. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT ORDERED THAT ALL PROPERTY SEIZED BY LAW ENFORCEMENT AUTHORITIES BE AUCTIONED AND THE PROCEEDS USED TO SATISFY THE FINANCIAL SANCTION IMPOSED BY THE COURT.
 I
Appellant claims the trial court erred in sentencing her to twenty-nine consecutive six month sentences. We disagree.
R.C. 2953.08 governs an appeal of sentence for felony. Subsection (G)(2) states as follows:
 The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
 The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
That the sentence is otherwise contrary to law.
Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus.
Appellant pled guilty to twenty-nine counts of forgery in violation of R.C. 2913.31, felonies of the fifth degree, and one count of grand theft in violation of R.C. 2913.02, a felony of the fourth degree. R.C.2913.31(C) and R.C. 2913.02(B). Pursuant to R.C. 2929.14(A)(5), felonies of the fifth degree are punishable by "six, seven, eight, nine, ten, eleven, or twelve months." Felonies of the fourth degree are punishable by "six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months." R.C. 2929.14(A)(4). By judgment entry filed March 9, 2001, the trial court sentenced appellant to six months on each forgery count, to be served consecutively, and eighteen months on the grand theft count, to be served concurrently with the other sentences.
Appellant argues the trial court erred in imposing consecutive sentences, violating R.C. 2929.14(E)(4) which states as follows:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
Appellant challenges the sentence in two areas. First, appellant argues the trial court did not fully comply with R.C. 2929.14(E)(4) because the trial court on the record and in the judgment entry used "or" instead of the required "and":
 The sentences on Counts Thirty to Fifty-Eight are ordered to be served consecutively to one another and consecutively with Case No. 99CR-I-10-297: being necessary to fulfill the purposes of R.C. 2929.11, and not disproportionate to the seriousness of the offender's conduct or the danger the offender poses and the Court FURTHER FINDS: the defendant was under community control when the offense was committed; and the defendant's criminal history requires consecutive sentences. The sentence on Count Fifty-Nine is ordered to be served concurrent to all other Counts. (Emphasis added.)
Judgment Entry filed August 1, 2001.
 Now, the consecutive sentences are necessary to fulfill the purposes and principles of sentencing. It's not disproportionate to the seriousness of your conduct or
the danger you pose. (Emphasis added.)
T. at 13.
Prior to making the statement supra, the trial court discussed the seriousness of the offenses and why it believed the sentences were not disproportionate:
 And this time is the last time, because you have made a more serious offense here. You made a number of serious offenses; each one, each time you write that check, you know exactly what you're doing. And you are stealing from your employer, as I mentioned, which makes it all the more serious. And then after that, you compound it by trying to screw up their relationship with their vendors. You try to get the family members in trouble. You try to split the family by making accusations, just the worst kind of stuff.
T. at 12-13.
We do not find to have misspoken and used the disjunctive "or" instead of the conjunctive "and" to be fatal to the trial court's sentence. The trial court referenced the purposes of the sentencing statute, R.C.2929.11, and fully explained its reasoning. T. at 13. The reasons supplied by the trial court fulfill the mandates of said statute.
Appellant also argues the trial court's reasons are not explicitly entered into the record. We find in the transcript that the trial court cited its reasons for the consecutive sentences in detail. We do not find the sentence to be in error despite the fact it may lack some "magic words." State v. Moran (April 20, 2001), Licking App. No 00CA0062, unreported.
Secondly, appellant claims the fourteen and one-half year sentence for twenty-nine felony five counts and one felony four count is disproportionate to the nature of the offenses. Appellant argues a fourteen and one-half year sentence is greater than a rape conviction (ten year sentence), and her actions constituted a single course of action over a short period of time resulting in a $25,000 loss to her employer. At first blush, a fourteen and one-half year sentence appears to be unnecessarily harsh given the non-violent nature of the offenses. However, we are impressed by the trial court's expression of concern regarding the nature of the offenses:
 The court would find you show no genuine remorse. And I think that's apparent by your actions once you were discovered in this case. I don't find any factors indicating recidivism is unlikely.
 On the seriousness side, the folks here lost in excess of $50,000. And, again, they gave you a job. Apparently, you're a smart person, and you can do the job fairly well in terms of organizing the business. But you owe a certain amount of loyalty to your employer, number one, for hiring you and giving you a chance. And you violated that loyalty. You violated that trust that they put in you, which makes this all the more of a serious offense.
 Now, based upon my experience with you over the last few years, I have determined that you really don't know the difference between right and wrong, which makes you amoral. You don't know the difference between telling a lie and telling the truth. You do each equally well, to the point that you can't tell the difference. You feel that people owe you something, that this community and society owes you something, and that you are going to take it. You don't feel the laws are meant for you. You are like a plague, except your worse; you have this insidious evil about you. It just permeates everywhere you go and everybody you meet.
T. at 11-12.
This finding, coupled with the stated purpose of the sentencing statutes, is sufficient to justify the fourteen and one-half year sentence:
 A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
R.C. 2929.11(A).
Clearly, the trial court believed appellant would never learn that stealing was wrong unless she suffered the consequences of her actions. Also, we note the presentence investigation report was prepared but not made a part of the record. We find the trial court's sentence is not so harsh or disproportionate as to "shock the sense of justice of the community." McDougle v. Maxwell (1964), 1 Ohio St.2d 68, 70. There is nothing in the record to demonstrate a pattern of disproportionate sentencing by the trial court, as how this sentence compares to similar sentences for like offenses.[1]
Upon review, we cannot find clear and convincing evidence that the record does not support the consecutive nature of the sentences or that the aggregate sentence is otherwise contrary to law.
Assignment of Error I is denied.
 II
Appellant claims the trial court erred in ordering restitution without first determining her ability to pay. We disagree.
During the sentencing hearing, appellant promised she would make restitution as it "is something I can do and I will do." T. at 10.[2]
R.C. 2929.18(A)(1) permits trial courts to impose restitution "by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss." Appellant argues the trial court failed to follow R.C. 2929.19(B)(6) which states:
 Before imposing a financial sanction under section 2929.18 of the Revised Code or a fine under section 2929.25 of the Revised Code, the court shall consider the offender's present and future ability to pay the amount of the sanction or fine.
Given appellant's affirmative promise to pay, we do not find any need for further inquiry by the trial court. The trial court did not err in ordering restitution.
Assignment of Error II is denied.
 III
Appellant claims the trial court erred in ordering the property seized during the investigation to be auctioned and the proceeds to be placed toward restitution.
At the outset, we note the trial court in the judgment entry of sentence filed August 1, 2001 imposed restitution and ordered the auction and sale of the seized items. However, on August 16, 2001, the trial court filed a supplemental judgment entry regarding the restitution order. We find this supplemental order to be the final judgment on restitution as it reduced the financial sanction to judgment pursuant to R.C. 2929.18(D). The supplemental judgment entry ordered the following:
 This Court entered a Judgment Entry Of Sentence against the Defendant on August 1, 2001. Pursuant to R.C. § 2929.18, the Court ordered the Defendant to pay restitution, in the amount of $25,506.76 to the Delaware County Clerk of Court's Office, which would later be disbursed to Automotive Specialists, located in Columbus, Ohio.
 The Prosecuting Attorney is ordered to pursue restitution through the procedures set forth in R.C. § 2929.18(D). The Delaware Police Department shall dispose of the seized items pursuant to R.C. § 2933.41.
By the above entry, the state obtained a judgment on the financial sanctions. R.C. 2929.18(D). This entry was filed and journalized after the notice of appeal was filed on August 2, 2001. Therefore, we are without jurisdiction to address the subject matter of this assignment of error. App.R. 4(A). Any discussion on the issue would be only an advisory opinion.
Assignment of Error III is denied.
The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.
By Farmer, P.J., and Boggins, J. concur.
Edwards, J., concurs in part and dissents in part.
[1] No empirical data as to other felony forgery and grand theft sentences is part of the record.
[2] Upon a search of appellant's home, "all kinds of new appliances and things like that" were found. T. at 4.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed.